IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRUSTEE RICHARD D. MYERS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MOHSEN NIROOMAND-RAD, MICHAEL NIROOMAND-RAD, RYAN NIROOMAND-RAD, USA CONSTRUCTION COMPANY INCORPORATED, XION CONSTRUCTION COMPANY, LLC, and JOHN DOES 1-10,<br><br>　　　　　　Defendants. | 8:16CV552<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on the proposed Findings and Recommendations (Filing No. 1) of the bankruptcy court[1] recommending that this Court deny defendants Ryan Niroomand-Rad ("Ryan"), Michael Niroomand-Rad ("Michael"), and Xion Construction Company, LLC's ("Xion" and collectively, "defendants") Motion to Withdraw the Reference of Adversary Proceeding No. 16-8050 pursuant to 28 U.S.C. § 157(d). The defendants timely objected to the bankruptcy court's Findings and Recommendations (Filing No. 3). *See* NEGenR 1.5(b)(2). Trustee Richard D. Meyers ("trustee") did not file any response. For the reasons stated below, the defendants' objection is overruled, and their Motion to Withdraw is denied without prejudice.

**I.　BACKGROUND**

On September 23, 2014, Mohsen Niroomand-Rad ("debtor"), the president of USA Construction Company, Inc. ("USA Construction"), filed for bankruptcy. USA Construction was in the business of obtaining federal government contracts and hiring

---

[1]The Honorable Thomas L. Saladino, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

subcontractors to perform the work. Michael and Ryan, the debtor's sons, are majority shareholders of USA Construction. Michael was also Xion's registered agent. Like USA Construction, Xion was in the business of obtaining federal government contracts.

On September 21, 2016, the trustee filed an adversary complaint against the debtor, the defendants, and others, attempting to recover assets for the bankruptcy estate. The trustee asserted eight claims for relief: (1) Alter Ego/Piercing Corporate Veil; (2) Substantive Consolidation; (3) Declaratory Judgment to Determine that Net Financial Benefits from Federal Government Contracts were Held in Trust for the Debtor and are Property of the Bankruptcy Estate; (4) Turnover of All Property of the Estate Held by Alter Ego Defendants pursuant to 11 U.S.C. § 542; (5) Avoidance and Recovery of Fraudulent Transfers pursuant to 11 U.S.C. §§ 544, 550 & 551 and § 36-705 of the Nebraska Uniform Fraudulent Transfer Act ("NUFTA"); (6) Avoidance and Recovery of Fraudulent Transfers pursuant to 11 U.S.C. §§ 544, 550 & 551 and NUFTA § 36-706; (7) Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548, 550 & 551; and (8) Accounting. The case was referred to the bankruptcy court. *See* 28 U.S.C. § 157(a); NEGenR 1.5(a).

On November 18, 2016, the defendants moved for permissive withdrawal of the reference of the adversary proceedings pursuant to 28 U.S.C. § 157(d). Contending the trustee "asserted 'non-core' claims that involve substantial consideration of state law and Defendants have a right to a jury trial on these claims," the defendants primarily argued "it is proper for the District Court to withdraw the reference to this adversary case so that all claims may be heard and decided in one forum." The trustee resisted the defendants' motion, arguing "the adversary proceeding involves core proceedings under 28 U.S.C. § 157(b)(2) and proceedings whose outcome could conceivably have an effect on the estate being administered in bankruptcy."

On December 16, 2016, the bankruptcy court concluded "the reference should not be withdrawn" and recommended that this Court deny the defendants' Motion. In reaching that conclusion, the bankruptcy court observed it "may not have the authority to enter a final judgment on the issues in this adversary proceeding absent consent of the parties because of the state-law, non-core claims, but that does not mean this court should not administer and hear the adversary proceeding and provide findings and recommendations to the district court for final adjudication." *See* 28 U.S.C. § 157(c)(1) (permitting bankruptcy judges to hear related non-core proceedings and submit proposed findings and conclusions to the district court); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. ___, ___, 134 S. Ct. 2165, 2170 (2014) (concluding the procedures set forth in § 157(c)(1) apply to fraudulent-conveyance claims).

On December 30, 2016, the defendants objected to the bankruptcy court's Findings and Recommendations. That same day, the defendants answered the adversary complaint and "demand[ed] a trial by jury of all issues so triable." The defendants "do not consent to having a jury trial conducted by the Bankruptcy Court or to having the Bankruptcy Court enter a final order or judgment." *See* 28 U.S.C. § 157(e) (permitting a bankruptcy judge to conduct a jury trial "with the express consent of all the parties.").

## II.   DISCUSSION

The defendants' Motion for Withdrawal is based on 28 U.S.C. § 157(d). Under that subsection, the Court, in its discretion, "may withdraw, in whole or in part, any case or proceeding referred . . . for cause shown." *Id.* The statute, as the bankruptcy court noted, does not describe what cause must be shown to warrant withdrawing a reference, and neither the Supreme Court, nor the Eighth Circuit has yet weighed in on the subject. *See*, *e.g.*, *Kelley v. JPMorgan Chase & Co.*, 464 B.R. 854, 860 (D. Minn. 2011). Other courts, however, have identified several factors to consider, including (1) whether the claims are core or non-core claims under 28 U.S.C. § 157(b)(2); (2) the potential delay and costs to the parties; (3) judicial economy; (4) the promotion of uniformity in

3

bankruptcy administration; (5) the prevention of forum shopping and confusion; and (6) the existence of a jury demand. *See*, *e.g.*, *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101-02 (2d Cir. 1993); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985).

Evaluating these factors, the bankruptcy court concluded the circumstances of this case do not warrant withdrawal. The bankruptcy court explained that several of the trustee's claims are core proceedings and the others "are related to the bankruptcy case because they concern the recovery of assets belonging to the bankruptcy estate which have allegedly been transferred to nondebtors in an effort to conceal the assets or hinder creditors in their efforts to collect from the debtor." Noting its familiarity with the case and the lack of jury demand at that point, the bankruptcy court stated it is "willing and able to administer a timely progression of the case toward trial." What's more, the bankruptcy court found "[t]he prudent husbandry of judicial resources favors leaving the adversary proceeding with the bankruptcy court at this time for increased judicial efficiency in both courts."

The defendants agree with the factors the bankruptcy court considered but argue its application of those factors is flawed. In the defendants' view, the pertinent factors weigh in favor of granting their Motion to Withdraw because this case involves both core and non-core claims and the trustee's non-core claims predominate. Although § 157(c)(1) expressly permits bankruptcy judges to consider non-core proceedings and issue proposed findings of fact and conclusions of law, the defendants suggest it is inefficient to follow that procedure when "a single court" could "hear and decide the matter."

The defendants also point out that they made a jury demand after the bankruptcy court issued its Findings and Recommendations. As the defendants see it, they are entitled to a jury "at the very least" for the trustee's declaratory-judgment and fraudulent-

conveyance claims. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64 (1989) (holding that "a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer"). Again, the defendants argue it is more efficient and "more economical to have the matter heard by one jury, in one court, with one judge having the jurisdiction to enter a final judgment, rather than splitting the matter between two courts."

The defendants' arguments fail to persuade the Court that withdrawal is warranted at this time. While the Findings and Recommendations (understandably) do not account for the defendants' subsequent jury demand, the bankruptcy court's analysis of the remaining factors is thorough and well-reasoned. Notwithstanding the defendants' arguments to the contrary, the Court agrees with the bankruptcy court that it is more prudent and efficient at this time to allow the bankruptcy court "to administer a timely progression of the case toward trial."

"[E]ven if the bankruptcy court [is] not able to enter a final judgment in this case, judicial efficiency is likely promoted—not undermined—by allowing the bankruptcy court to proceed with the process of submitting proposed findings of fact and conclusions of law." *Kelley v. Opportunity Fin., LLC*, No. CIV. 14-3375 MJD, 2015 WL 321536, at *5 (D. Minn. Jan. 26, 2015). And the Court is inclined, whenever possible, to take advantage of the bankruptcy court's vast experience and expertise in these matters. *See* 28 U.S.C. § 157(b), (c); *Executive Benefits*, 573 U.S. at ___, 134 S. Ct. at 2173; *In re Ames Dep't Stores, Inc.*, 190 B.R. 157, 163 (S.D.N.Y. 1995) (observing bankruptcy judges often have "a better vantage point from which to make proposed findings of fact and conclusions of law in the first instance").

The defendants are correct that a valid jury demand in a non-core case may constitute cause for withdrawing a reference before trial.[2] *See*, *e.g.*, 28 U.S.C. § 157(e); *Granfinanciera*, 492 U.S. at 64.  But a jury demand does not require the immediate withdrawal of a reference to the bankruptcy court.  *See*, *e.g.*, *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007) ("[T]he bankruptcy court may retain jurisdiction over the action for pre-trial matters."); *In re Nichols & Assocs. Tryon Properties, Inc.*, 36 F.3d 1093 (4th Cir. 1994) ("[U]ntil a proceeding is ready for trial, a bankruptcy court may continue to oversee pre-trial matters."); *In re Contemporary Indus. Corp.*, No. 4:01 CV 598, 2002 WL 32625253, at *3 (D. Neb. May 1, 2002).

Even in cases in which a bankruptcy court is "not authorized to conduct" a jury trial, a district court may decide to "delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial."  *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993).  "[A] district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court."  *In re Orion Pictures*, 4 F.3d at 1101-02.

In this case, the Court finds that the defendants' jury demand does not require immediate withdrawal.  Even assuming, for the purposes of this Motion, that the defendants have a right to a jury trial on one or more of the trustee's claims, the Court concludes "the bankruptcy court is in the best position to shepherd [this] action in the preliminary stages until such time that is determined that a trial is necessary."  *In re Moran*, No. ADV 10-00296-RAG, 2012 WL 782533, at *2.

---

[2] The Court expresses no opinion on the scope and validity of the defendants' initial jury demand.  *See*, *e.g.*, *In re George T. Moran, Inc.*, No. ADV 10-00296-RAG, 2012 WL 782533, at *2 (D. Md. Mar. 8, 2012).

The bankruptcy court is already familiar with this adversary proceeding and the underlying bankruptcy case and is more than capable of supervising discovery and other pretrial matters "short of the jury selection and trial." *In re Stansbury Poplar Place*, 13 F.3d at 128. "Even more, allowing the bankruptcy court to conduct pre-trial proceedings will promote the uniform administration of bankruptcy law, judicial economy, and the efficient use of resources."). *In re Pinson*, No. CV 2:15-MC-00095, 2015 WL 6122077, at *2 (S.D. W. Va. Oct. 2, 2015). For those reasons,

IT IS ORDERED:
1. Defendants Ryan Niroomand-Rad, Michael Niroomand-Rad, and Xion Construction Company, LLC's objection to the bankruptcy court's Findings and Recommendations is OVERRULED.
2. The Court notes the defendants' subsequent jury demand but otherwise ACCEPTS the bankruptcy court's Findings and Recommendations.
3. The defendants Motion to Withdraw Reference of this Adversary Proceeding is DENIED without prejudice to renewing the Motion if this adversary case proceeds to the point where a jury trial is required.

Dated this 20th day of January, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge